<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6146**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

RODNEY EDWARD WALL, a/k/a Sld Dft 3:99-24-9, a/k/a Big
Rodney,

             Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge. (3:99-cr-00024-FDW-9)

Submitted:  May 21, 2009              Decided:  May 29, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rodney Edward Wall, Appellant Pro Se.  Douglas Scott Broyles,
Assistant United States Attorney, Charlotte, North Carolina, Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Edward Wall seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking reconsideration of his 28 U.S.C.A. § 2255 (West Supp. 2008) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Wall has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Wall's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain

authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2008). Wall's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED